IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| THOMAS DIXON, § | |
| § | |
| Plaintiff, § | |
| § | |
| V. § | No. 3:15-cv-263-B-BN |
| § | |
| CAROLYN W. COLVIN, § | |
| Acting Commissioner of Social Security, § | |
| § | |
| Defendants. § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the United States magistrate judge for pretrial management pursuant to 28 U.S.C. § 636(b). The undersigned magistrate judge issues the following findings of fact, conclusions of law, and recommendation.

**Background**

Plaintiff Thomas Dixon, who is represented by counsel, filed his complaint [Dkt. No. 1] and motion for leave to proceed *in forma pauperis* [Dkt. No. 3] on January 27, 2015.

After evaluating Plaintiff's IFP motion, the undersigned found in a January 29, 2015 order that Plaintiff and his spouse appear to have sufficient assets to pay the full filing fee in this action but noted that there may be inconsistencies in the information reflected on the affidavit as to what Plaintiff and his spouse actually clear in income after expenses each month based on the cash they now have on hand. *See* Dkt. No. 5.

The undersigned further found that, absent supplemental information showing

otherwise, Plaintiff will not suffer undue financial hardship after payment of the filing fee to initiate this action but deferred ruling on the IFP motion and granted Plaintiff until February 11, 2015 to either pay the filing fee or file a supplemental affidavit to further explain the cash that Plaintiff and his spouse have available at this time and the amount of money that Plaintiff and his spouse actually clear in income after expenses each month. *See id.*

The previous order further noted that, if the filing fee was not paid by February 11, 2015, the undersigned would issue an order or recommendation to United States District Judge Jane J. Boyle on Plaintiff's IFP based on the motion and any supplemental submissions in support thereof then on file. *See id.*

Plaintiff has neither paid the filing fee nor supplemented the record.

The undersigned now concludes that Plaintiff's motion for leave to proceed *in forma pauperis* should be denied.

**Legal Standards**

The standards governing *in forma pauperis* motions are set forth in 28 U.S.C. § 1915(a). The district court may authorize the commencement of a civil action without the prepayment of fees or costs "by a person who submits an affidavit ... that [he or she] is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). The Court must examine the financial condition of the applicant in order to determine whether the payment of fees would "cause [an] undue financial hardship." *Prows v. Kastner*, 842 F.2d 138, 140 (5th Cir. 1988).

"[W]hether the litigant is 'unable to pay' the costs [associated with initiating a

-2-

lawsuit, moreover,] ... depend[s] in part on [the] litigant's actual ability to get funds from a spouse, a parent, an adult sibling, or other next friend." *Williams v. Spencer*, 455 F. Supp. 205, 209 (D. Md. 1978); *see Fridman v. City of New York*, 195 F. Supp. 2d 534, 537 (S.D.N.Y. 2002) ("In assessing an application to proceed *in forma pauperis*, a court may consider the resources that the applicant has or can get from those who ordinarily provide the applicant with the necessities of life, such as from a spouse, parent, adult sibling or other next friend." (citations and internal quotation marks omitted)); *Pisano v. Astrue*, Civil Action No. 11–30269–KPN, 2012 WL 79188, at *2 (D. Mass. Jan. 10, 2012) ("A number of courts have come to the same conclusion that the income and resources of a spouse, if not other close family members as well, are relevant to the determination of indigency under 28 U.S.C. § 1915.") (collecting cases).

## Analysis

Plaintiff's affidavit reflects that he and his spouse have a combined total monthly income of $2,880.00 and combined total monthly expenses of $2,379.00. *See* Dkt. No. 3. They, on a combined basis, therefore clear $501.00 per month, and the filing fee is $400.00. While Plaintiff's affidavit also reflects that, currently, he and his spouse have only $30.00 in cash between two checking accounts, *see id.*, the Court has given Plaintiff time to explain this possible inconsistency. He has failed to do so. Therefore, based on the record before the Court, the undersigned cannot find that Plaintiff will suffer undue financial hardship after payment of the filing fee to initiate this action.

## Recommendation

Plaintiff's motion for leave to proceed *in forma pauperis* [Dkt. No. 3] should be

DENIED.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: February 13, 2015

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE