## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| THOMAS DIXON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:15-cv-263-B-BN |
| | § | |
| CAROLYN W. COLVIN, | § | |
| Acting Commissioner of Social Security, | § | |
| | § | |
| Defendants. | § | |

## ORDER ACCEPTING FINDINGS, CONCLUSIONS, AND <u>RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE</u>

The United States Magistrate Judge made findings, conclusions, and a recommendation in this case. No objections were filed. The District Court reviewed the proposed findings, conclusions, and recommendation for plain error. Finding none, the Court ACCEPTS the Findings, Conclusions, and Recommendation of the United States Magistrate Judge.

Because the Court has determined that Plaintiff does not qualify to proceed *in forma pauperis*, he is ordered to pay the filing fee no later than **March 24, 2015**. His failure to do so will result in the dismissal of this case for failure to prosecute and obey orders of this Court, pursuant to Federal Rule of Civil Procedure 41(b).

Dismissals under Rule 41(b) are generally without prejudice, but Plaintiff is cautioned that the Court cannot specifically state that any dismissal of this case will be without prejudice in light of the statutory requirement that a claimant commence a civil action seeking review of a final decision of the Commissioner of Social Security "within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow." 42

U.S.C. § 405(g); *but cf. Bowen v. City of New York*, 476 U.S. 467, 478-80 (concluding that the 60-day requirement set out in § 405(g) is not jurisdictional, but rather is a statute of limitations which is waivable by the parties and subject to the doctrine of equitable tolling). To the extent Plaintiff filed this civil action within 60 days of the Commissioner's final decision, the effect of dismissing this action for failure to prosecute and obey court orders may subject any subsequent complaint filed by Plaintiff to a statute of limitations defense.

SO ORDERED.

DATED: MARCH 3, 2015

JANE J. BOYLE
UNITED STATES DISTRICT JUDGE